WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Ricky Lee Jarrett, | No. CV-17-01589-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Two motions are pending before the Court: 1) Plaintiff's motion for reconsideration of the prior denial of his request for appointment of pro bono counsel, and 2) Defendant's motion for reconsideration of the denial of her motion for summary judgment.

**I.     Motion to Appoint Counsel**

Plaintiff moves to reconsider this Court's prior order denying him appointment of counsel (Doc. 25). (Doc. 65). Plaintiff articulates 3 reasons for appointment of counsel: 1) Plaintiff is not similarly situated to other prisoners; 2) circumstances have changed because he is now facing a trial; and, 3) Plaintiff needs a medical expert. As the Magistrate Judge in this case previously held:

> There is no constitutional right to appointment of counsel in a civil case. *See Johnson v. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991). Appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*citing Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). In determining whether to appoint counsel, the court should consider the likelihood of success on the merits, and the ability of plaintiff to articulate his claims in view of their complexity. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

(Doc. 25 at 1).

As to reason one, the fact that Plaintiff is proceeding to trial, while different than many other cases, is not standing alone exceptional circumstances given Plaintiff's ability to litigate his case pro se.

As to reason two, the fact that Plaintiff survived summary judgment increases his likelihood of success on the merits. However, the Court still cannot say that likelihood is significant enough to warrant the appointment of counsel. Additionally, while trial certainly adds another level of complexity, Plaintiff is quite capable of articulating his claims and litigating his case. Further, only one issue is proceeding to trial.

As to reason three, discovery is closed (Doc. 14). New experts cannot be retained or disclosed regardless of appointment of counsel.

Based on the foregoing, the Court does not find the circumstances justify reconsideration of the denial of appointment of counsel.

**II.     Motion for Reconsideration**

In her motion for reconsideration, Defendant argues this Court erred in considering Plaintiff's unsworn statements in opposition to Defendant's motion for summary judgment. In sum, Defendant makes two arguments: 1) the Court committed factual error in concluding that the same facts on which Plaintiff relied to oppose summary judgment were also present in his verified complaint (which is a competent format); and 2) the Court committed legal error in considering Plaintiff's unverified response to summary judgment. As to issue two, Defendant argues under *Soto v. Sweetman*, 882 F.3d 865 (9th Cir. 2018), that if Plaintiff does not submit his evidence in opposition to summary judgment in a competent format, the Court cannot consider it. Defendant's arguments fail in both respects.

First, factually, in the Order this Court stated:

> Although the Court has cited Plaintiff's response because it is directly responsive to the motion for summary judgment, all of Plaintiff's allegations therein can be found in his verified complaint. . . Thus, the Court finds the record contains competent evidence.

(Doc. 63 at 5). Defendant argues this was error because all of the facts in response to the

motion for summary judgment are not in the verified complaint. (Doc. 66 at 2). But as the Court already explained, although the facts in response to the summary judgment motion are more *directly* responsive to the motion itself, all of the facts necessary to find a disputed issue of fact are in the verified complaint.

Specifically, in the verified complaint, Plaintiff states "Plaintiff dwells in a lockdown facility where no inmate has the leisure to open their cell door in order to clean their cell. [] and the officers never allow inmates to do so. Whenever an Inmate makes the request, the officer always responds with, 'not right now' and it never gets done." (Doc. 8 at 15-16). On summary judgment, the Court must draw all reasonable inferences from the evidence in favor of the nonmoving party. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 255 (1986); *Hornish v. King County*, 899 F.3d 680, 687 (9th Cir. 2018). From this quoted evidence alone, the Court can infer that Plaintiff, an inmate, has a locked cell that must be opened to be cleaned and that if/when Plaintiff asked for the cell to be opened for cleaning that request was denied by the guards. Thus, while the facts as Plaintiff states them in opposition to summary judgment more directly address this point, the facts in the verified complaint alone are sufficient to create a disputed issue of fact as to whether Plaintiff was ever permitted to clean his cell.[1]

Second, the Court did not commit an error of law. The *Soto* decision did not address and, thus, did not overrule the Ninth Circuit Court of Appeals' decision in *Fraser v. Goodale*, which held that at summary judgment, the Court should consider unsworn, inadmissible hearsay statements written by the plaintiff in a diary. 342 F.3d 1032, 1036–37 (9th Cir. 2003). The Ninth Circuit Court of Appeals explained that at summary judgment, courts "do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Id*. at 1036. Therefore, because the contents of the diary pertained to events within the plaintiff's personal knowledge, and because the diary's contents could be presented in an admissible form at trial—namely, the plaintiff

---

[1] The facts are disputed because Plaintiff's competent evidence that he was never permitted to clean his cell is contradicted by CO II Rabadan's competent evidence that Plaintiff was permitted to clean his cell.

- 3 -

could testify as to the relevant portions of the diary from her personal knowledge—the court could consider the diary's contents in opposition to a motion for summary judgment. *Id*. at 1036–37.

*Fraser's* holding is consistent with Rule 56, which provides that a party may object to material presented in opposition to summary judgment *if* that material "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *see McAfee v. Metro. Life Inc. Co.*, 368 F. App'x 771, 772 n.1 (9th Cir. March 1, 2010) (the plaintiff's unsworn letter was admissible under Rule 56 "because it was based on personal knowledge, and the contents could be presented in admissible form at trial") (citation omitted); *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001) ("To survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial…."); *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310 F. Supp. 3d 1089, 1107 (S.D. Cal. 2018) (same) (collecting cases).

Plaintiff's statements in his response to the motion for summary judgment and accompanying statement of facts that were based on his personal knowledge could be presented in an admissible form at trial; namely Plaintiff's own testimony. Thus, legally, under *Fraser* and a myriad of other Ninth Circuit Court of Appeals cases, this Court was permitted (and perhaps required) to consider Plaintiff's statements in his response and statement of facts that were based on his personal knowledge even though they were unsworn.

However, Defendant is correct that *Soto* held (without reference to whether the evidence could be converted to an admissible form at trial) that unsworn statements of the inmate Plaintiff were not competent evidence to oppose summary judgment. 882 F.3d at 873. Defendant makes no effort to reconcile *Soto* with all of the other controlling cases.

The *Soto* Court may have held that whether evidence is *competent* to consider in opposition to summary judgment under Rule 56 is a separate inquiry from whether the evidence is in an *admissible* format or convertible to an *admissible* format by trial. *Id*. An example of this distinction might be an affidavit from the plaintiff. An affidavit is

competent evidence to oppose summary judgment under Rule 56(c)(1)(A), but likely not admissible at trial. *See* 10B Wright, Miller & Kane, *Federal Practice and Procedure*, § 2738 at 315-316 (4th ed. 2016) ("Thus, [] affidavits, which are not admissible at trial, are appropriate at a summary-judgment hearing to the extent they contain admissible information that could be introduced as evidence at trial.").

Nonetheless, prior to *Soto*, the Ninth Circuit Court of Appeals had directed this Court to consider evidence at summary judgment that could be converted to an admissible format at trial, particularly when the plaintiff was a pro se inmate. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("We have, therefore, held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly."). While it is true this Court must follow *Soto*, this Court must also follow the wealth of Ninth Circuit cases that direct this Court to look at the evidence's content, not its form, for whether it should be considered at summary judgment. Following those cases, the Court finds there was no "manifest injustice," as claimed by Defendant (Doc. 66 at 1), in this Court considering Plaintiff's statements based on his personal knowledge in his response to the motion for summary judgment and his supporting statement of facts, even though he failed to file them in a "competent" format.[2]

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the motion for reconsideration of the denial of appointment

---

[2] As the Fifth Circuit Court of Appeals has noted,

> At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. *See* Fed. R. Civ. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). After a 2010 revision to Rule 56, "materials cited to support or dispute a fact need only be *capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC*, 835 F.3d at 534 (quoting Fed. R. Civ. P. 56(c)(2)).

*Maurer v. Indep. Town*, 870 F.3d 380, 384 & n 1 (5th Cir. 2017) (noting that the 2010 amendment effectively overruled prior Fifth Circuit precedent that required admissible evidence to oppose summary judgment).

of counsel (Doc. 65) is denied.

**IT IS FURTHER ORDERED** that the motion for reconsideration of the denial of the motion for summary judgment (Doc. 66) is denied.

**IT IS FINALLY ORDERED** that all deadlines in this Court's May 13, 2019 Order are confirmed.

Dated this 24th day of May, 2019.

James A. Teilborg
Senior United States District Judge